UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEVIN M. HARMON**                                **DOCKET NO. 6:21-cv-1834**

**VERSUS**                                         **JUDGE ROBERT R. SUMMERHAYS**

**SHERIFF SMITH**                                  **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Before the court is an Emergency Motion to Vacate Extradition Proceedings, filed by Devin M. Harmon, who is proceeding pro se in the civil rights suit presently before this Court. Harmon is currently in the custody of the LaSalle Correctional Center & Transitional Work Program in Olla, Louisiana.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMENDED** that the motion be **DENIED.**

**I.    Background**

According to the evidence submitted by Harmon in support of his motion, on June 24, 2020, he reviewed, signed and acknowledged a Notice and Conditions of Parole, which stated in part that as a condition of his parole in the State of California,

he was not to travel more than 50 miles from his residence, or leave that state, without prior written approval from his parole agent. Rec. Doc. 10-1. P. 2.

On June 7, 2021, after plaintiff's sister reported that he had been calling and harassing her and other members of their family, Harmon was contacted on his cellular phone by his parole agent. *Id*. At that time, he admitted that he was in Louisiana and was not able to report. *Id*. The agent informed him that he would be issuing a warrant to which Harmon responded, "Do what you have to do," and hung up the phone. *Id*.

Accordingly, Harmon was found to be in violation of the conditions of his parole and a warrant was issued. *Id*. On July 28, 2021, Harmon signed a Waiver of Extradition Proceedings and St. Mary Parish Judge Anthony Seleme ordered that Harmon be held for Los Angeles County, California. *Id*. at p. 3.

Harmon argues that he was found guilty of a parole violation without being afforded a hearing and that the warrant is an illegal violation of his constitutional rights. Rec. Doc. 10, p. 2. He asks this Court to vacate the extradition order. *Id*. at p. 3.

## II.   Law and Application

Plaintiff claims that the warrant issued by his parole agent is illegal, that the parole conditions themselves are illegal, and that he was illegally forced to sign the Notice and Conditions of Parole, which sets forth the conditions. Doc. 10, pp. 1-2.

States have a constitutionally-imposed duty to extradite those who "flee from Justice" from another state. United States Constitution, Art. IV, § 2, Cl. 2. The duty is made effective by a contemporaneously enacted act of Congress. 18 U.S.C. § 3182. It provides that whenever the executive authority of any state makes a demand on another state for extradition of any fugitive from justice and produces a copy of an indictment or affidavit made before a magistrate that the person demanded is charged with a crime, the executive authority of the state to which the demand is directed (the "asylum state") "shall" arrest and detain the person, notify the state demanding extradition (the "extradition state"), and deliver him to the agent of that state upon his arrival. *Bradley v. Extradition Corp. of America*, 758 F.Supp. 1153, 1157 (W.D. La., March 18, 1991), citing 18 U.S.C. § 3182. The duties incumbent upon the asylum state outlined above are mandatory; the executive authority possesses no discretion in the matter. *Id*. (citing *Puerto Rico v. Branstad*, 483 U.S. 219, 226 (1987)). The fugitive is not entitled to any sort of adversarial hearing to challenge the validity of the extradition demand in the asylum state's courts; as long as the executive authority of the asylum state determines that the demand for extradition is based on or accompanied by an indictment or affidavit charging a crime in the extradition state against the fugitive, the asylum state may not inquire into the validity of the crimes alleged against the fugitive. *Id*. (citing *California v. Superior Court of California*, 482 U.S. 400, 407-08 (1987)).

### III. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant motion to vacate the extradition order be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this 17th day of August, 2021.

_____
PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**