UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEVIN M. HARMON**                             **DOCKET NO. 6:21-cv-1834**
                                                **SECTION P**

**VERSUS**                                      **JUDGE ROBERT R. SUMMERHAYS**

**SHERIFF SMITH, ET AL**                        **MAGISTRATE JUDGE HANNA**

REPORT AND RECOMMENDATION

Before the court is a civil complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Devin M. Harmon, who is proceeding *pro se* and *in forma pauperis* in this matter. Harmon is currently incarcerated at the North County Correctional Facility in Castaic, California. The allegations giving rise to the instant suit occurred in the Western District of Louisiana.

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED** and the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

I.   Background

Plaintiff alleges that defendants Judith D. Pellerin and Darnelle Harmon, his family members, falsely alleged that he was threatening them. Doc. 1, p. 4. Due to

these allegations, defendants Washington, Sheriff Smith and Chief Smith came to his home and threatened to arrest him. *Id.*

Following an initial review of plaintiff's original (rec. doc. 1) and amended (rec. doc. 5) complaints, the undersigned ordered him to amend his complaint to cure deficiencies contained therein. Rec. Doc. 27. In compliance with the Court's order, plaintiff filed a Statement of Facts on March 28, 2022. Rec. Doc. 28.

## II. Law & Analysis

### A. *Frivolity Review*

Harmon has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the

court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. *Claims against Pellerin and Harmon*

Plaintiff's claims against defendants Judith D. Pellerin and Darnelle Harmon should be dismissed, as they are not state actors. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937

(1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.*

Plaintiff's allegations do not indicate that Judith Pellerin or Darnelle Harmon were acting under color of state law at any time. Because these individuals are not state actors, the § 1983 claim against them should be dismissed.

### 2. *Claims against E. Washington, Sheriff Smith and Chief Smith*

To the extent that Plaintiff is attempting to assert a claim against the law enforcement defendants based on the assertion that defendants Pellerin and Harmon filed "false allegations" with them, the United States Court of Appeals for the Fifth Circuit has held that causing charges to be filed absent probable cause, without more, does not violate the Constitution. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc). Therefore, a freestanding claim based solely on "malicious prosecution" is not cognizable. *Id.* To prevail, a Section 1983 plaintiff must identify specific constitutional rights that were violated in connection with a malicious prosecution. See *Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 812 (5th Cir. 2010).

Plaintiff has not alleged that these defendants violated his constitutional rights in connection with any charges brought against him. Accordingly, claims against Washington, Smith and Smith should be dismissed.

### III. Conclusion

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of May, 2022.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**